| | |
|---|---|
| 1 | DAVID L. ANDERSON (CABN 149604)<br>United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | LINA PENG (NYBN 5150032)<br>Assistant United States Attorney |

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

LINA PENG (NYBN 5150032)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7224
    FAX: (415) 436-7027
    Lina.Peng@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC JACKSON,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No. CR 19-00332 RS<br><br>STIPULATION AND ORDER SETTING HEARING DATE AND EXCLUDING TIME FROM THE SPEEDY TRIAL ACT CALCULATION |

        Defendant Eric Jackson, represented by his attorney, Geoffrey Hansen, and the Government, represented by Daniel Pastor, appeared before the Court on November 19, 2019, for a status hearing. The Court set a further status hearing for January 14, 2020, at 2:30 p.m. Discovery has been turned over to the defense, and the defense has been reviewing discovery. The parties have also been engaged in plea negotiations, but need more time to potentially come to a resolution. Accordingly, the parties agree it would be appropriate to continue the status conference for a brief time. The parties anticipate that the next status date would be a change of plea proceeding. The parties also agree that it would be appropriate for time be excluded under the Speedy Trial Act between January 10, 2020, and February 4, 2020, for effective preparation by counsel and in the interest of justice.

Therefore, the parties agree, and the Court finds and holds, as follows:

1. The hearing set for January 14, 2020, is continued to February 4, 2020, at 2:30 p.m.

2. The time between January 10, 2020, and February 4, 2020 is excluded under the Speedy Trial Act. Failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. *See id.* § 3161(h)(7)(A).

Dated: January 10, 2020

/s/
LINA PENG
Assistant United States Attorney
Counsel for the United States

Dated: January 10, 2020

/s/
GEOFFREY HANSEN
Assistant Federal Public Defender
Counsel for Eric Jackson

IT IS SO ORDERED.

Dated: 1/10/2020

RICHARD SEEBORG
United States District Judge